UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Marlon Omar Baca Beltrand,

        Petitioner

v.

John Mattos, et al.,

        Respondents

Case No. 2:25-cv-01430-CDS-EJY

**Order Granting in Part Amended Petition for Writ of Habeas Corpus**

[ECF No. 41]

On September 29, 2025, petitioner Marlon Baca Beltrand filed an amended petition for writ of habeas corpus. Am. pet., ECF No. 41. Therein, Beltrand requests a writ ordering the respondents to immediately release Beltrand on bond as previously ordered by an immigration judge, declare that ICE's detention violates Beltrand's Fifth Amendment due process rights, and grant other related relief. *See id.* The respondents[1] filed a response in opposition to the petition on October 17, 2025. Resp., ECF No. 46. Beltrand filed a reply on October 30, 2025. Reply, ECF No. 50. The court held oral argument on the petition on November 13, 2025. At the conclusion of that hearing, after considering the moving papers, together with the parties' arguments, I granted the amended petition. This order memorializes my findings.[2]

I.     Background

Beltrand is a citizen of Honduras who has been in immigration detention since July 9, 2025. ECF No. 41 at ¶¶ 5, 23. Beltrand, a native of Honduras, is married and has two children. *Id.* at ¶ 23. He and his family entered the United States without inspection in September 2023, seeking asylum protection after his life, and the lives of his children, were threatened. *Id.* On September 30,

---

[1] The named respondents are Jason Knight, Acting Las Vegas/Salt Lake City Field Office Director, Enforcement and Removal Operations, United States Immigration and Customs Enforcement (ICE); John Mattos, Warden, Nevada Southern Detention Center; Kristi Noem, Secretary, United States Department of Homeland Security; Pamela Bondi, Attorney General of the United States, Executive Office for Immigration.
[2] The transcript of the November 13, 2025 hearing is incorporated in this order.

2023, Beltrand and his family were detained by the Department of Homeland Security (DHS), Customs and Border Protection (CBP). *Id.* at ¶ 24; Arrest Warrant, Pet'r's Ex. A, ECF No. 41-1 at 2. According to the documents that were provided to Beltrand and his family, their initial detention was pursuant to 8 U.S.C. § 1357. *See* ECF No. 41 at ¶ 24. As relevant here, the government alleged that Beltrand violated 8 USC § 1182(a)(6)(A)(i) by being an "alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." *See* Notice to Appear, Pet'r's Ex. B, ECF No. 41-1 at 4–6.

DHS then released Beltrand and his family on their own recognizance pursuant to 8 U.S.C. § 1226,[3] with reporting requirements, and subject to the family's enrollment and successful participation in the Alternatives to Detention (ATD) Program. *See* Release and ATD Enrollment, Pet'r's Ex. C, ECF No. 41-1 at 8–13.[4] Beltrand and his family were ordered to appear for an immigration hearing in West Valley City, Utah, on August 28, 2025. *See* Notice to Appear, Pet'r's Ex. B, ECF No. 41-1 at 4.

---

[3] Section 1226 "provides the general process for arresting and detaining aliens who are present in the United States and eligible for removal." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022). Pursuant to 8 U.S.C. § 1226(a)(2), the government may release the alien on bond or conditional parole. An alien will be released if he proves "to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding." *Id.* at 1196 (quoting 8 C.F.R. § 236.1(c)(8)). If the requirements of regulation 236.1(c)(8) are satisfied, the alien appears before an immigration judge for a hearing. *See* 8 C.F.R. § 236.1(d)(1). During that hearing, the immigration judge will order the alien's release if the alien proves, by a preponderance of the evidence, "that he is not 'a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk.'" *Rodriguez Diaz*, 53 F.4th at 1197 (quoting *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006)). In making this determination, the immigration judge considers a number of factors, including the alien's ties to the United States, any employment and criminal, history of immigration violations, and manner of entry into the United States. *Id.* At the conclusion of the hearing, the immigration judge also determines if the appropriateness of any bond and any release conditions. *Id.* (citing *Matter of Guerra*, 24 I. & N. Dec. at 40); *see* 8 U.S.C. § 1226(a)(2)).

[4] There is no information before the court that Beltrand violated any condition of his release under the ATD program.

After their release from custody, Beltrand and his family filed Forms I-589 (applications for asylum) with the Immigration Court on September 20, 2024. *See* Applications, Pet'r's Ex. D, ECF No. 41-1 at 15–30. Their asylum applications are still pending.

Beltrand was arrested and re-detained on July 9, 2025, after encountering ICE during an unrelated enforcement action. ECF No. 41 at ¶ 36. On this same day, DHS filed two motions: a motion to sever Beltrand's removal case from that of his family's, and a motion to dismiss the August 28, 2025 notice to appear. *Id.* at ¶ 38; Mots., Pet'r's Exs. F and G, ECF No. 41-1 at 36–45. The very next morning, DHS's motion to dismiss was granted. Order granting mot. to dismiss, Pet'r's Ex. H, ECF No. 41-1 at 47–48.

Beltrand appealed the dismissal order on July 13, 2025, and it remains pending. *See* Notice of Appeal, Pet'r's Ex. I, ECF No. 41-1 at 50–52. Three days later, Beltrand requested a custody redetermination hearing pursuant to 8 C.F.R. § 1236.1(d)(1). Request for review, Pet'r's Ex. J, ECF No. 41-1 at 53–58. That request was granted, and on July 17, 2025, the immigration court held a hearing on his request. Notice of Hearing, Pet'r's Ex. K, ECF No. 41-1 at 60. As alleged in the amended petition, during that hearing, DHS "present[ed] no evidence" and argued that as a matter of law, irrespective of DHS's initial determination that Beltrand was arrested pursuant to 8 U.S.C. § 1226(a), and "without showing any change in Petitioner's circumstances," the respondents can terminate removal proceedings under 8 U.S.C. § 1229a, and "instead institute expedited removal proceedings pursuant to 8 U.S.C. § 1225(b)(1)."[5] *See* ECF No. 41 at ¶¶ 46–47.

At the redetermination hearing, an immigration judge (IJ) rejected DHS's argument and determined that Beltrand met his burden in showing he was not subject to mandatory detention and that he was eligible for a bond. IJ's order, Pet'r's Ex. M, ECF No. 41-1 at 65–66. As a result, he

---

[5] Section 1225 provides that, "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained." 8 U.S.C. § 1225(b)(2)(A). An "applicant for admission" under § 1225 is an alien "who has not been admitted or who arrives in the United States." *See id.* § 1225(a)(1). Such persons are subject to mandatory inspection by immigration officers. *See id.* § 1225(a)(3).

3

received a $5,000 bond and was also subject to detention alternatives at DHS's discretion. *Id.* Thereafter, DHS filed a "Notice of ICE Intent to Appeal Custody Redetermination" of the IJ's order. Pet'r's Exs. N and O, ECF No. 41-1 at 68–76. Stated otherwise, DHS filed a notice that it was appealing the IJ's order. As part of that appeal, Betrand alleges that DHS filed an EOIR-43,[6] which invoked the "Automatic stay" authority of 8 C.F.R. § 1003.19(i)(2). ECF No. 41 at ¶ 51. According to the information available to Beltrand, DHS initiated expedited removal proceedings against him. *Id.* at ¶ 56. As a result, Beltrand initiated this action. *Id.* at ¶ 57.[7]

In the amended petition, Beltrand brings three claims for relief: (1) a violation of Beltrand's Fifth Amendment right to procedural due process; (2) a violation of Article I, Section 9, Clause 3 of the U.S. Constitution; and (3) a violation of the Administrative Procedure Act.

II.  Discussion

   A.  Beltrand's amended petition is granted in part.

As a threshold matter, and contrary to the respondents' arguments, I find that I have jurisdiction over this action because Beltrand is not challenging his removal proceedings; rather, he is challenging his reclassification as an "alien" eligible for a bond pursuant to 8 U.S.C. § 1226 to an "applicant for admission," not eligible for bond, pursuant to 8 U.S.C. § 1225. *See* ECF No. 41. Beltrand further challenges his continued detention even after an IJ granted him bond. *Id.* Indeed, this habeas action challenges the Executive Branch's interpretation and application of immigration laws as applied to Beltrand, not the removal proceedings initiated against him. *See Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) (explaining a district court may review immigration-related detentions to determine if they comport with the requirements of the Constitution.); *see also I.N.S. v. St. Cyr*, 533 U.S. 289, 301–07 (2001) (citations omitted) (finding that habeas corpus proceedings have long

---

[6] *See* ECF No. 41-1 at 74 (EOIR-43 Senior Legal Official Certification).
[7] Initially, Beltrand sought a temporary restraining order (TRO) to stop the expedited removal proceedings against him. I granted that request. *See* ECF Nos. 35, 36. However, that TRO was subsequently dissolved after counsel confirmed that Beltrand was affirmatively removed from expedited removal proceedings. *See* ECF No. 40.

served as a mechanism by which aliens challenge Executive interpretation of immigration laws and the legality of immigration-related detention).

Authority delegated to the Attorney General, such as those related to immigration proceedings, is still subject to the requirements of due process. The Due Process Clause of the Fifth Amendment provides that "[n]o person shall . . . be deprived of . . . liberty . . . without due process of law." U.S. Const. amend. V. Indeed, "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas*, 533 U.S. at 690. And the Supreme Court has repeatedly recognized "that civil commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection." *Addington v. Texas*, 441 U.S. 418, 425 (1979).

Beltrand met his burden showing his due process rights were violated when DHS revoked its prior determination, changing his status from an alien eligible for bond under 8 U.S.C. § 1226 to an "applicant for admission" subject to expedited proceedings and mandatory detention under 8 U.S.C. § 1225. This was a significant change in status given aliens detained under § 1225 are not entitled to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018) ("[N]either § 1225(b)(1) nor § 1225(b)(2) says anything whatsoever about bond hearings."). Moreover, his "reclassification" occurred in less than one day after the government filed a motion to dismiss the August 28, 2025 notice to appear. Beltrand was never given the opportunity to oppose the motion to dismiss. Instead, he was promptly reclassified. Even after an IJ determined he was eligible for a bond, he has remained detained.

Respondent's opposition to the amended petition failed to address Beltrand's due process argument. Instead, the respondents argued during the November 13, 2025 hearing that Beltrand's reclassification is the result of a permissible, revised "policy interpretation." Their argument is unavailing for two reasons. First, the respondents determined he was an alien eligible for bond under 8 U.S.C. § 1226 more than two years ago, so their new "policy interpretation" is directly at odds *with their own records*. "[D]ue process requires 'adequate procedural protections' to ensure that

the government's asserted justification for physical confinement "outweighs the individual's constitutionally protected interest in avoiding physical restraint.'" *Casas-Castrillon v. Dep't of Homeland Sec.*, 535 F.3d 942, 950 (9th Cir 2008) (quoting *Zadvydas*, 533 U.S. at 690). The respondents' reclassification of Beltrand pursuant to a revised "policy interpretation" failed to provide him adequate procedural protections.

Second, this court simply cannot accept the respondents' "revised policy interpretation" argument—that is, that aliens who lack valid documentation are subject to mandatory detention under § 1225(b) regardless of their presence within the country—because it would render § 1226 both meaningless and superfluous. The Supreme Court has long instructed that a basic tenet of statutory interpretation is that "a statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant." *Hibbs v. Winn*, 542 U.S. 88, 101 (2004) (citation modified)). Thus, if an interpretation of one provision of a law "would render another provision superfluous," courts will presume that interpretation is incorrect. *See Bilski v. Kappos*, 561 U.S. 593, 607–08 (2010) (citations omitted). I therefore find the respondents' new interpretation of § 1225 to be incorrect. Because § 1225(b) does not apply to aliens who are already present in the country, it does not apply to Beltrand. DHS's reclassification of Beltrand as an "applicant for admission" pursuant to § 1225, and related determination that he is ineligible for a bond, violated his due process rights. So Beltrand's amended petition is granted.[8] The court orders that Beltrand be treated as a detained alien pursuant to 8 U.S.C. § 1226(a) and that his previously ordered bond be reinstated.

---

[8] Because I find that Beltrand is entitled to relief under claim one, I do not reach a final determination on his other claims. However, as noted on the record during the November 13, 2025 hearing, I do not find that Beltrand is entitled to relief for his third claim because the *Ex Post Facto* Clause only applies in criminal matters. *See Harisiades v. Shaughnessy*, 342 U.S. 580, 594 (1952) (holding that "deportation, however severe its consequences, has been consistently classified as a civil rather than a criminal procedure" and reaffirming that the Ex Post Facto Clause only applies to criminal laws).

### B. Beltrand's request for attorney's fees and costs is denied without prejudice.

Beltrand moves for costs and attorney's fees in this action pursuant to 28 U.S.C. § 2412, the Equal Access to Justice Act ("EAJA"). ECF No. 41 at 34; Reply, ECF No. 50 at 18. The EAJA provides in part that:

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney . . . representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record . . . which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(B).

Beltrand's requested fees and costs under the EAJA is premature because the court has not yet entered a final judgment. Thus, the request is denied without prejudice. The court will consider a motion seeking reasonable fees and costs under the EAJA filed within thirty days of the judgment.

### III. Conclusion

IT IS HEREBY ORDERED that the petitioner's amended petition for writ of habeas corpus [ECF No. 41] is GRANTED in part.

IT IS FURTHER ORDERED that the respondents must follow the Immigration Judge's July 22, 2025 order granting Beltrand a bond. *See* IJ's order, Ex. M, ECF No. 41-1 at 65–66.

IT IS FURTHER ORDERED that the respondents must permit Beltrand to post the bond in accordance with the Immigration Judge's July 22, 2025 order.

IT IS FURTHER ORDERED that Beltrand's request for attorney's fees is denied without prejudice.

IT IS FURTHER ORDERED that Beltrand's requested relief seeking an order prohibiting the respondents from transferring the petitioner from the district without the court's approval is denied as moot.

1       IT IS FURTHER ORDERED that the parties must file a joint status report no later than **Friday, December 5, 2025,** advising their status of compliance with this order. The status report must also include the parties' position regarding whether this matter should remain open or can be closed.

Dated: November 14, 2025

_____
Cristina D. Silva
United States District Judge